UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KHALIL TERRY, | : | Hon. Joseph H. Rodriguez |
| Petitioner, | : | Criminal No. 11-cr-519 |
| v. | : | OPINION |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |
| | : | |

This matter comes before the Court upon the Petition for Writ of *Audita Querela* and Motion for Preliminary Injunction filed by Petitioner, Mr. Khalil Terry. [Dkt. Nos. 20, 21.] The Court has reviewed the submissions of the parties and considered the motion on the papers in accordance with Federal Rule of Civil Procedure 78. For the reasons set forth below, Petitioner's Petition [Dkt. No. 20] and Motion [Dkt. No. 21] will be <u>denied</u> and <u>dismissed</u> as moot, respectively.

## Background

The Court makes no findings as to the veracity of Petitioner's allegations. The following facts are taken from the Petition [Dkt. No. 20] and are accepted for purposes of this matter only:

> On January 9, 2011, the U.S. Marshal . . . [brought] Petitioner into the custody of the United States District Court for the District of New Jersey - Camden Division as a prejudgment remedy of attachment and arrest for the purpose of securing satisfaction of the judgment ultimately to be entered in Case No. 1:11-CR-0059-JHR.
>
> [I]n February 2012, Petitioner pleaded guilty for 18 U.S.C. § 922(g) - Felon In Possession Of A Weapon.
>
> On June 12, 2012, a Judgment was entered [against Petitioner,] with costs included pursuant to 28 U.S.C. § 1918(a) [and] 1921.

1

On October 11, 2017, Petitioner . . . filed [a] common law Writ of *Audita Querela* to obtain "relief against the collateral consequences of the judgment or execution because of some defense arising subsequent to the rendition of . . . judgment."

[Dkt. No. 20., at 1-2.]

## Discussion

### I.     The Writ of *Audita Querela*

The writ of *audita querela*, Latin for "the complaint having been heard," is used to challenge a judgment that was justified at the time it was rendered but has subsequently been placed in question by newly discovered evidence or by a new legal defense. BLACK'S LAW DICTIONARY (8th ed. 2004). Granting a writ of *audita querela* falls under this Court's limited authority to issue certain extra-statutory writs by way of 28 U.S.C. § 1651. "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). Despite being abolished by the Federal Rules of Civil Procedure, the writ of *audita querela* remains available in a select few federal criminal cases. See FED R. CIV. P. 60(e); see, e.g., United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); see, e.g., Quintana v. Nickolopoulous, 768 F. Supp. 118, 120 (D.N.J. 1991). In these limited criminal cases, the writ of *audita querela* is available only where there is (1) a legal objection (2) to a judgment that has arisen subsequent to the conviction and (3) is not redressable by another postconviction remedy. See Muirhead v. Attorney Gen. of U.S., 262 F. App'x 473, 474 (3d Cir. 2008); see, e.g., United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995) (holding that nothing occurred after conviction that remotely created legal objection to conviction that might be redressable

2

by writ of *audita querela*); see, e.g., United States v. Holder, 936 F.2d 1, 5 (1st Cir. 1991) (holding that writ of audita querela does not and cannot provide a purely equitable basis for relief independent of any legal defect in an underlying judgment). An equitable objection will not do. See Muirhead, 262 F. App'x at 474.

When considering whether a petition satisfies the requirements for *audita querela* relief, a court may not use the statutory limits implemented by Congress regarding habeas relief as the basis for finding that the petitioner has no other means of redress. Hazard v. Samuels, 206 F. App'x. 234, 236 (3d Cir. 2006); United States v. Paster, 190 F. App'x. 138, 139 (3d Cir.), cert. denied, 549 U.S. 1013, (2006). See also United States v. Fraction, 315 F. App'x. 431 (3d Cir. 2009). In other words, the fact that an otherwise cognizable claim is time-barred under 28 U.S.C. § 2255 does not satisfy the Congressional requirement that the claim has no other means of redress; simply being late is not enough.

## II. The Writ of Audita Querela Is Not Available to Petitioner

Petitioner is seeking a preliminary injunction ordering the immediate cessation of all collateral consequences of the judgment entered in Case No. 1:11-cr-00519, including all attachments, costs, executions, and warrants. [Dkt. No. 21.] Petitioner argues, among other things, that because there is no genuine issue of fact in the Petition For Writ Of *Audita Querela* between the parties and Petitioner is likely to succeed on Petition For Writ Of *Audita Querela* the Court should grant Petitioner's Motion for Preliminary Injunction. [Id., ¶ 1, 5.] The writ of *audita querela* is unavailable to Petitioner. Petitioner does not assert a *legal* objection to a judgment that has *arisen subsequent to* the conviction and is *not* redressable by another postconviction remedy.

Generally, challenges to a federal sentence or conviction are made by motion under 28 U.S.C. § 2255, brought before the sentencing court. 28 U.S.C. § 2255; Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Here, Petitioner is seeking to do just that but under the guise of a writ of a*udita querela* pursuant to the All Writs Act, 28 U.S.C. § 1651.

The Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Tit. I, 110 Stat. 1217 ("AEDPA") allows a defendant one year to file a request for relief under 28 U.S.C. § 2255. To succeed on a § 2255 motion, Petitioner must prove that "his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack." Id. The one-year period runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, no governmental action has impeded the petitioner in filing his claim, and no facts have been recently discovered that would support Petitioner's action. Furthermore, Petitioner does not assert a newly recognized right that has been made retroactively applicable to cases on collateral review.

A federal conviction becomes final when certiorari is denied or when the time for filing a petition for certiorari expires, which is 90 days from the entry of judgment or denial of a rehearing petition. Clay v. United States, 537 U.S. 522, 525-32 (2003); Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987); Kapral v. United States, 166 F.3d 565, 571 (3d Cir. 1999). Here, Petitioner did not appeal his conviction on June 7, 2012. Thus, the conviction became final ninety days later, on October 5, 2012; as such, the statute of limitations ran on October 5, 2013. The fact that the claims set forth in the Petition are time-barred because the Petition was not filed until October 16, 2017, approximately four years after the statute of limitations period expired, is not material in determining if there was another statutory avenue to pursue outside 28 U.S.C. § 1651. Hazard, 206 F. App'x. at 236. Here, 28 U.S.C. § 2255 would be that other statutory avenue and its applicable statute of limitations would apply. Therefore, the Petition is untimely, and as such, will be denied. See, e.g., Dietsch v. United States, 2 F. Supp. 2d 627, 634-36 (D.N.J. 1998) (dismissing an untimely petition).

## Conclusion

For the reasons stated above, Petitioner's Petition [Dkt. No. 20] and Motion [Dkt. No. 21] will be denied and dismissed as moot, respectively.


June 23, 2020                                                       s/   Joseph H. Rodriguez
Date                                                                HON. JOSEPH H. RODRIGUEZ
                                                                    United States District Judge