UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KHALIL TERRY, | : | Hon. Joseph H. Rodriguez |
| Petitioner, | : | Criminal No. 11-cr-519 |
| v. | : | OPINION |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |
| | : | |

This matter comes before the Court upon Motion for Early Termination of Supervised Release [Dkt. No. 28] and Supplemental Motion for Early Termination of Supervised Release [Dkt. No. 30] filed by Petitioner, Mr. Khalil Terry. The Court has reviewed the submissions and considered the motion on the papers in accordance with Federal Rule of Civil Procedure 78. For the reasons set forth below, Petitioner's Petition [Dkt. No. 28] and Motion [Dkt. No. 30] will be <u>denied</u>.

**Background**

Petitioner was indicted on August 11, 2011 for a violation of 18 U.S.C. § 922(g) - Felon In Possession Of A Weapon.  He entered a plea of guilty in February 2012 and Judgment was entered on June 12, 2012.  Mr. Terry was sentenced to a 115-month term of imprisonment to be followed by 36 months of Supervised Release.  He began his term of supervised release on October 4, 2019.

By way of the two pending motions Mr. Terry seeks to terminate supervision on the grounds that he has had an exemplary record on supervised released was moved to a low-intensity caseload by the United States Probation Office. He avers that he has strong support from his family and has made good

connections with his neighbors. Mr. Terry, who is age 59, lives with his wife and provides care for her ailing family members. While he is currently unemployed, he has been periodically employed at various warehouses and a Jeep dealership. He also worked as an Uber driver.

Mr. Terry suffers from a number of medical issues. He attests that he has no desire to recidivate and is living a stable and law-abiding life.

## **Standard of Review**

Under 18 U.S.C. § 3583, a district court may terminate a term of supervised release "at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). "[A]fter considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the Court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(1). The § 3553(a) factors the Court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing

> Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Davies*, 746 F. App'x 86, 88 (3d Cir. 2018) (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)); accord *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020).

Recently, the Third Circuit clarified the scope of the district court's findings, explaining that extraordinary, compelling, or changed circumstances are not required to find to justify an early termination of supervised release. *Melvin*, 978 F.3d at 52. However, those factors remain relevant to the analysis "because, if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id*. The Third Circuit further explained that " '[g]enerally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Id*. (emphasis in original) (quoting *Davies*, 746 F. App'x at 89); *see also United States v. Szymanski*, No. 12-0247, 2020 WL 6515958, at *2 (W.D. Pa. Nov. 5, 2020) ("The court explained in Melvin that, although not required, some changed circumstances will generally be important to warrant early termination of supervised release [.]").  Finally, "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination." *United States v. Caruso*, 241 F.Supp.2d 466, 469 (D.N.J. 2003).

## Analysis

The Court has reviewed the § 3553(a) factors and finds that termination of Mr. Terry's supervision is not warranted at this time. *See id.* (A court need not make specific findings of fact with respect to each factor – a statement that the court has considered the factors is sufficient.) (citing *United States v. Gammarano*, 321 F.3d 311, 315-16 (2d Cir. 2003)).

Since the filing of Mr. Terry's motions for early termination, the United States Probation Office filed a Report on Offender Under Supervised Release and Order on June 1, 2021. [Dkt. No. 32] The Report details an instance of noncompliance on May 18, 2021:

> You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. **On May 18, 2021, a urinalysis submitted by Terry yielded positive results for marijuana. Laboratory conformation results were received on May 27, 2021.**

Although the Probation Office did not recommend formal action, the violation undermines Mr. Terry's arguments in favor of early termination. The stable relationships that Mr. Terry enjoys and his work history are commendable and fortify his reintegration into society. That process is also bolstered by the supervision by the Probation Office and the Court finds that early termination is not warranted given the positive test result for a banned substance. Because Mr. Terry has not fully complied with the terms governing his supervised release, which will expire in approximately 13 months, the Court will deny the motions for early termination.

## **Conclusion**

For the reasons stated above, Petitioner's Motion for Early Termination of Supervised Release [Dkt. No. 28] and Supplemental Motion for Early Termination of Supervised Release [Dkt. No. 30] filed will be <u>denied</u>.

An appropriate Order shall issue.

Dated: August 25, 2021

   /s/ Joseph H. Rodriguez
HON. JOSEPH H. RODRIGUEZ
United States District Judge